| | | |
|---|---|---|
| RAMESH DONEPUDI;<br>KARTIK CHAKRABARTI DONEPUDI;<br>  19711 Wellington Manor Blvd<br>  Lutz, FL 33549<br><br>                Plaintiff(s)<br><br>                v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br><br>                Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No **1:21-cv-3374** |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Hashim G. Jeelani, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

# INTRODUCTION

COME NOW RAMESH DONEPUDI (hereinafter "RAMESH" or collectively "Plaintiffs") and KARTIK CHAKRABARTI DONEPUDI (hereinafter "KARTIK" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiffs RAMESH and KARTIK, father and son respectively, are Indian nationals. On March 12, 2012, Plaintiffs filed two, separate Form I-485, Applications for Adjustment of Status with the United States Citizenship and Immigration Service ("USCIS"). Plaintiffs timely, completely, and lawfully filed the requisite applications, and paid the associated fees, to apply as derivative beneficiaries to their relative, Plaintiff RAMESH's wife, and Plaintiff KARTIK's mother, Atreyi Chakrabarti.[1] This action is brought as a result of Defendants' failure to adjudicate Plaintiffs' Forms I-485, Application for Adjustment of Status, ("Applications") within a reasonable period of time.

2. When Plaintiffs first filed their Applications in March of 2012, Plaintiffs' priority date was current and permanent resident status was available to them; however, due to USCIS processing times, the Plaintiffs' priority retrogressed before USCIS completed its adjudication. As a result, Plaintiffs were forced to wait a period of nearly 10 years for the priority to become current again. Now, the priority date has been current as of April of 2021. Despite the priority date being current for the past eight months, Defendants have yet to complete adjudication on Plaintiffs' Applications. Moreover, even the principal relative's application has been approved on September 2, 2021. If Defendants continue to delay the adjudication of the Plaintiffs'

---

[1] In order to prevent the separation of families, the spouse or children of a preference immigrant can accompany or follow to join the principal beneficiary of an immigrant visa petition. Because the spouse and children do not

Applications, Plaintiffs' priority may retrogress again, and they may be forced to wait years before they will be eligible to have their permanent resident status.

3. The Plaintiffs have a clear right to adjudication of the Application in a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4. The delay in making a decision on Petitioner's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

5. Respondents cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

6. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

7. Plaintiff RAMESH is a resident of Hillsborough County, Florida, and an Indian citizen. Plaintiff RAMESH is the applicant of a Form I-485, Application for Adjustment of Status.

8. Plaintiff KARTIK is a resident of Hillsborough County, Florida, and an Indian citizen. Plaintiff KARTIK is the applicant of a Form I-485, Application for Adjustment of Status.

9. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official

---

independently have a basis to adjust status outside of their relationship to the principal immigrant, they derive their status from the principal and are therefore known as derivatives of the principal. INA 203(d).

capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

11. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

13. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14. The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Applications. Further, Plaintiffs have initiated numerous inquiries with USCIS, directly and through their Congressman's Office. After such requests and inquiries failed, Plaintiffs notified

the Defendants of their intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

15. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Applications.

16. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

17. On March 12, 2012, Plaintiff RAMESH filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt# SRC-1290-2030-79). **[EXHIBIT A].**

18. On March 12, 2012, Plaintiff KARTIK filed, and paid the required government fees for, Form I-485, Application to Adjust Status, with USCIS (Receipt# SRC-1290-2030-85). **[EXHIBIT B].**

19. On April 18, 2012, RAMESH appeared and provided his biometrics to USCIS as required. **[EXHIBIT C].**

20. On April 18, 2012, KARTIK appeared and provided his biometrics to USCIS as required. **[EXHIBIT C].**

21. On January 3, 2018, Plaintiffs received Requests for Evidence ("RFE") from USCIS; in both Plaintiffs' cases, the RFE was responded to without delay.

22. Since Plaintiffs submitted their responses to the RFE in 2018, USCIS has made no further requests for evidence or information from the Plaintiffs.

23. Since April of 2021, Plaintiffs have made numerous inquiries, including a request for expedite, with USCIS and have requested adjudication of the Applications.

24. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiffs' Applications were still pending review.

25. Plaintiffs' Applications now continue to be pending with USCIS for over 10 years in total, and over 8 months since the priority date has been current.

26. The delay in making a decision on Petitioner's petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

27. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2021 of 9.9 months for the adjudication of Form I-485.[2] Plaintiffs' Applications have been pending for 117 months, which is nearly twelve times the average processing time as reported by USCIS.

28. Defendants have refused to provide any meaningful explanation which would merit the need for over 117 months of processing time to adjudicate the Applications.

29. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in administrative processing.

30. Plaintiffs have been deprived of the opportunity to have accumulated sufficient time as permanent residents to become a U.S. citizen.

31. Moreover, Plaintiffs have incurred significant attorney's fees and have lost numerous employment opportunities due to the Defendants' failure in adjudicating Plaintiffs' Applications within a reasonable period of time.

## COUNT I

## VIOLATION OF THE APA- FORM I-485

---

[2] See USCIS historical, processing times at: https://egov.uscis.gov/processing-times/historic-pt

32. All prior paragraphs are re-alleged as if fully stated herein.

33. Plaintiffs' have a statutory right to apply for adjustment of their status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

34. Defendants have a duty to adjudicate Plaintiffs' Applications within a reasonable period of time under 5 U.S.C. §555(b).

35. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

36. No other adequate remedy is available to Plaintiffs.

37. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Applications.

38. Given the Defendants' lack of a reason for not making a decision on Plaintiff RAMESH's Application for over 117 months, Plaintiffs' Applications have been pending for an unreasonably long period of time.

39. Defendants have failed in their statutory duty to adjudicate the Applications in a reasonable time.

40. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

41. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

42. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Further, Plaintiffs have been unable to receive their permanent

resident status and have lost time which would have accrued towards their qualification to naturalize as U.S. Citizens. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Applications.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: December 24, 2021                    Respectfully submitted,

                                                                    /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax: (312) 767-9030**
*Counsel for Plaintiffs*